Matthew A. Rosenthal (SBN 279334)
matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd, Suite 880
Los Angeles, CA  91436
Tel: (818) 200-1497
Fax: (818) 574-6022
Attorneys for Plaintiff,
KELLI SERIO

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| KELLI SERIO,<br><br>         Plaintiff,<br><br>    v.<br><br>LOANME, INC.,<br><br>         Defendant. | Case No.: 2:16-cv-1491<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.**<br>2. **Violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788 et seq.**<br>3. **Intentional Infliction of Emotional Distress**<br>4. **Invasion of Privacy-Intrusion upon Seclusion** |

KELLI SERIO (Plaintiff), by her attorneys, WESTGATE LAW, alleges the following against LOANME, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

3. Count III of Plaintiff's Complaint is based on the common-law tort of Intentional Infliction of Emotional Distress.

4. Count IV of Plaintiff's Complaint is based on the common-law tort of Invasion of Privacy-Intrusion upon Seclusion.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court over Plaintiff's Complaint arises pursuant arises pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States, and this Court maintains supplemental jurisdiction over the state law claims alleged herein.

6. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

8. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

9. Defendant is a business entity with a principal place of business in Anaheim, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Since approximately 2015, and specifically within four years prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing.

12. Since approximately 2015, and specifically within four years prior to the filing of this action, Defendant constantly and continuously placed collection calls to Plaintiff.

13. Due to Defendant's incessant calls, Plaintiff was compelled to obtain a new cell phone number ending in 6976 in or around July of 2015.

14. Despite obtaining a new telephone number, Defendant continued to constantly and consistently place telephone calls to Plaintiff's newly obtained cellular telephone number ending in 6976.

15. On countless occasions, including but not limited to in or around September of 2015, Plaintiff spoke with Defendant's representatives, informed Defendant's representatives that she could not pay the alleged debt, advised Defendant's representatives that Defendant's calls were harassing, and requested that Defendant cease calling her cellular telephone. In response, Defendant's representatives repeatedly insulted and berated Plaintiff in an attempt to collect the alleged debt.

16. On several occasions, including but not limited to in or around September of 2015, Defendant placed collection calls to Plaintiff's place of employment despite having prior knowledge of Plaintiff's location information.

17. On several occasions, including but not limited to January of 2016, Defendant placed collection calls to Plaintiff's mother despite having prior knowledge of Plaintiff's location information.

18. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

19. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

20. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

21. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

22. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff. On several occasions, Plaintiff revoked consent by demanding that Defendant's calls cease.

23. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

24. Defendant is not a tax exempt nonprofit organization.

25. Defendant's violation of the TCPA was willful because Plaintiff informed Defendant that she could not pay the alleged debt, informed Defendant that the calls were harassing, and requested that Defendant cease calling on countless occasions.

26. As a result of Defendant's incessant calls despite Plaintiff's repeated requests to cease, Defendant's calls to her employer and mother, as well as the harassing and berating threats of Defendant's representatives, Plaintiff suffered embarrassment, humiliation, emotional distress, anguish, mental suffering, stress, aggravation, anguish, and anxiety.

## FIRST CAUSE OF ACTION
**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following

   (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   (b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788

31. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

32. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated §1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

   c. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

///

///

///

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

33. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

34. Defendants engaged in the extreme, outrageous, and unreasonable acts enumerated above to collect money and/or property from Plaintiff. These acts went beyond the bounds of decency expected in a civilized society.

35. Defendants intended to cause Plaintiff to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

36. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered extreme and severe mental distress, mental suffering, and/or mental anguish, including one or more of the following: anxiety, fear fright, humiliation, embarrassment, shame, nervousness, grief, worry, indignity, irritability, depression, anger, panic, nervousness, crying fits, loss of appetite, sensitive stomach, loss of sleep, nightmares, loss of concentration, and headaches.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined according to proof.

38. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees, who acted towards Plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
**Invasion of Privacy-Intrusion upon Seclusion**

39. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

40. Plaintiff had and continues to have a constitutional right to privacy concerning the sanctity of her home, workplace, private family life and financial affairs.

41. Defendants seriously invaded Plaintiff's right to privacy in a manner which constituted an egregious breach of social norms, intruding upon the seclusion of Plaintiff.

42. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined according to proof.

43. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees, who acted towards Plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For actual damages according to proof;
2. For statutory damages to the extent permitted by law;
3. For punitive damages to the extent permitted by law;
4. For pre-judgment interest to the extent permitted by law;
5. For injunctive relief as permitted by law;
6. For an award of her attorney's fees, costs and expenses incurred in the investigation, filing, and prosecution of this action; and
7. For such other and further relied as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Date: March 3, 2016              RESPECTFULLY SUBMITTED,

By: /s/ Matthew A. Rosenthal
Matthew A. Rosenthal
Attorney for Plaintiff,
KELLI SERIO